**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JPMC SPECIALTY MORTGAGE LLC,

    Plaintiff,

        v.                                            Case No. 15-cv-00977-JPG-DGW

MARY LUCAS, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by defendant Mary Lucas:

1. **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the **JPMC Specialty Mortgage LLC.**

2. **Failure to allege complete diversity.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The Notice of Removal states "Unknown at this time is whether the City of Belleville (Illinois) is also a defendant." City of Belleville is still a named defendant as there is no indication of a dismissal and as such, citizenship must be alleged in the Notice of Removal.

**3.** 28 U.S.C. § 1446 requires that Removal **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. This case was filed on August 22, 2013 and does not involve a federal question.

4. 28 U.S.C. § 1446(2)(A) requires **ALL** defendants who have been properly joined and served to consent to the removal action and there is no indication of consent from Defendant City of Belleville.

The Court hereby **ORDERS** defendant **MARY LUCAS** to **SHOW CAUSE** on or before **October 2, 2015** why this case should not be **remanded** for lack of subject matter jurisdiction. Failure to respond to this order may result in **remand** of this case for lack of subject matter jurisdiction**.** The Court **DEFERS** consideration of Defendant Mary Lucas' Motion (Doc. 2) for Leave to proceed in *forma pauperis* until such time as jurisdictional issues are resolved.

**IT IS SO ORDERED.**

**DATED:** 9/8/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**