IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JPMC SPECIALTY MORTGAGE, LLC,   )<br>                                                                )<br>        Plaintiff,                                  )<br>                                                                )<br>vs.                                                          )<br>                                                                )<br>MARY LUCAS, WILLIAM C. GORSICH,  )<br>ELIZABETH GORSICH, CITY OF         )<br>BELLEVILLE, UNKNOWN OWNERS    )<br>and NON-RECORD CLAIMANTS,           )<br>                                                                )<br>        Defendants.                             ) | Case No. 15-cv-00977-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mary Lucas' Motion (Doc. 7) to Dismiss Defendant City of Belleville.  The Court entered a Memorandum and Order (Doc. 5) noting several jurisdictional defects and directed Defendant Mary Lucas to Show Cause why this case should not be remanded for lack of subject matter jurisdiction.  One of the jurisdictional defects noted was that Defendant City of Belleville had not consented to the removal and according to Defendant's Motion to Dismiss, "said named-defendant refused to sign the Consent to Removal."  (Doc. 7, pg 2). Defendant Lucas now moves to dismiss Defendant City of Belleville in what the Court believe is an attempt to cure the jurisdictional issue.

Defendant Mary Lucas is *pro se* and the Court must liberally construe *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

Removal jurisdiction based on the Court's original diversity jurisdiction is determined at the time the lawsuit is commenced and at the time the petition for removal is filed.  *Pullman Co. v.*

*Jenkins*, 305 U.S. 534, 537 (1939);  *see* 16 James W. Moore *et al.*, *Moore's Federal Practice* § 107.14[2][d] (3d ed.).  "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied- Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441, all served defendants must join in the notice of removal.  *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).  The City of Belleville is named defendant in this matter and it has not consented to the removal of this matter as required by 28 U.S.C. § 1446(2)(A).

Further, while the plaintiff has a right to dismiss a defendant under Federal Rule of Civil Procedure 41, there is no means for one defendant to dismiss the plaintiff's claims against another defendant[1].  Even if it was procedurally possible for a defendant to dismiss another defendant, diversity jurisdiction is determine at the time the removal is filed and in this matter, it is clear that the removal was improper.

Therefore, Defendant Mary Lucas' Motion (Doc. 7) to Dismiss Defendant City of Belleville is **DENIED** and this matter is **REMANED** for lack of subject matter jurisdiction to the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

DATED:   10/1/2015              *s/J. Phil Gilbert*
                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**

---

[1] The Court acknowledges that the Defendant's Motion could have been interpreted as a Motion for Fraudulent Joiner, however, the defendant states in her motion that "at some time in the past she DID see a lien, for about $150 by the City of Belleville, but she did not know what it was all about."  As such, it appears that the City of Belleville is properly joined as a defendant based solely on information contained in Defendant's Motion.